IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE D'VONNE SPOSITO, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:22-cv-685-ALM-KPJ |
| CYNTHIA MCCRANN WHELESS, *et al.*, | | |
| Defendants. | | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Danielle D'vonne Sposito's ("Plaintiff") Motion to Reconsider Order to Stay Discovery (Dkt. 26) (the "Motion"), wherein Plaintiff requests the Court reconsider its decision to stay discovery (Dkt. 24). *See* Dkt. 26. On October 4, 2022, the Court ordered that all discovery, Rule 26 conference requirements, and scheduling requirements be stayed pending resolution of Defendants Judge Cytnhia McCrann Wheless, Judge Raymond G. Wheless, and Judge Emily Miskel's (together, "Defendants") Motion to Dismiss (Dkt. 16) (the "Defendants' Motion to Dismiss"). *See* Dkt. 24. Upon consideration, the Court finds the Motion (Dkt. 26) is hereby **DENIED**.

### I.  BACKGROUND

On August 8, 2022, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendants, wherein she alleged Judge Cynthia Wheless violated her civil rights. *See* Dkt. 1. On August 15, 2022, Plaintiff filed her Amended Complaint (Dkt. 5), wherein she alleges:

> [Defendants] conspired together to violate my Civil and Fourteenth Amendment Rights by making unfounded derogatory statements, ignoring my rights for procedural due process

> and made decisions in my case# 417-53396-2018 and 470-53396-2018 based on negative stereotypes and their own personal biases.
>
> The civil rights laws that were violated are as follows:
>
> Title 18, U.S.C., Section 241 - Conspiracy Against Rights **THROUGH OPPRESSION**
>
> Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

*Id.* at 1–2. Plaintiff alleges Judge Cynthia Wheless made derogatory comments against Plaintiff "based on very bias[ed] racial/class stereotypes," and her comments were "contrary to a Judge being neutral, fair and unbiased . . . ." *Id.* at 4–5. Plaintiff further alleges Judge Raymond Wheless, the husband of Judge Cynthia Wheless, appointed Judge Emily Miskel following Judge Cynthia Wheless's recusal and improperly refused Plaintiff's request "to appoint someone outside of the District Court like a retired Judge or another administrative Judge . . . ." *Id.* at 5. Plaintiff also alleges Judge Emily Miskel did not hold a hearing on her Temporary Restraining Order ("TRO") request and her enforcement request in violation of her due process rights under the 14th Amendment. *See id.* at 6–7.

Plaintiff requests the Court order each Defendant pay $50,000, each Defendant provide a written apology, and a change of venue to the Dallas County District Court with the Court making the appointment of the judge to preside over her case, #470-55396-2018. *See id.* at 8. Plaintiff further states that monetary "damages are $65,000 actual and punitive of $85,000." *Id.*

On September 9, 2022, Defendants filed their Motion to Dismiss (Dkt. 16), wherein they seek dismissal, amongst other arguments, based on judicial immunity. *See id.* at 5–7. On October 4, 2022, the Court ordered all Rule 26 conference requirements, and scheduling requirements be stayed pending resolution of Defendants' Motion to Dismiss (Dkt. 16). *See* Dkt. 24. On October 6, 2022, Plaintiff filed the Motion (Dkt. 26) stating as follows:

> [Plaintiff] herein files this motion to reconsider the decision to stay discovery. Your honor I read the laws in reference to the order[,] however, the discovery I have provided is indisputable that our civil rights were violated. Court transcripts, state and federal laws all show that the defendant's [sic] should not be allowed to claim qualified immunity. Their actions are so egregious and blatant against the health and well-being of children, the discovery must be allowed. If it is not allowed, they will be able to use the law which only pertains to Judges who act lawfully in their roles, and once again be able to continue in their egregious actions in future cases involving children.
>
> **Relief Requested:**
> [Plaintiff] **Prays** that the [Court] allows the discovery or even partial discovery to assist in determining the defendant's [sic] right to qualified immunity.

*Id.* Plaintiff appears to cite to *Siegert v. Gilley*, 500 U.S. 226 (1991), as support that the Court should grant partial discovery. *See* Dkt. 26. On October 19, 2022, Defendants filed their response (Dkt. 28) arguing the Court correctly stayed discovery pending a determination of whether Defendants are entitled to immunity. *See id.*

## II. LEGAL STANDARD

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). However, a motion seeking reconsideration may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sheperd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). "'If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.'" *Reader v. United States*, No. 4:16-cv-37, 2017 WL 5653349, at *1 (E.D. Tex. Jan. 19, 2017) (quoting *Milazzo v. Young*, No. 6:11-cv-350, 2021 WL 1867099, at *1 (E.D. Tex. May 21, 2012)). Motions for reconsideration "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x. 359, 364 (5th Cir. 2009) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–74 (5th Cir. 1989)).

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). As such, "Rule 59(e) serves the narrow purpose of allowing a party to correct errors of law or fact or to present newly discovered evidence." *Id.* at 479 (citation and quotation marks omitted). Further, "[r]elief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)) Altering, amending, or reconsidering a judgment is an "extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

### III. ANALYSIS

Plaintiff filed her Motion two days after the Court's order staying discovery, and, therefore, the Motion is construed under Rule 59(e). *See Reader*, 2017 WL 5653349, at *1. Plaintiff states in her Motion the "[c]ourt transcripts, state and federal laws all show that defendant's [sic] should not be allowed to claim qualified immunity" and "[t]heir actions are so egregious and blatant against the health and well-being of children, the discovery must be allowed." Dkt. 26. Plaintiff does not present newly discovered evidence and does not point to any errors of law or fact. Further, Plaintiff's citation to *Siegert v. Gilley*, 500 U.S. 226 (1991), as supporting limited discovery, *see* Dkt. 26, is misplaced. In *Siegert*, the U.S. Supreme Court affirmed the D.C. Circuit's decision, which held in part that limited discovery was inappropriate before a determination of whether the defendant official was entitled to qualified immunity. 500 U.S. at 229–35.

In the present case, the Court stayed discovery pending Defendants' Motion to Dismiss as Defendants have asserted, amongst other arguments, that they are entitled to judicial immunity. *See* Dkt. 16. at 5–7. At this juncture, the Court must rule on the immunity question at the motion

to dismiss stage and may not defer that question until summary judgment. *See Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012)). If Defendants' Motion to Dismiss is meritless and Defendants are not entitled to immunity at this early stage, the Court may at a later date permit discovery. However, as Plaintiff has not shown any error of law or fact or presented newly discovered evidence, the Court does not find reconsideration is warranted.

### IV.   CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Motion (Dkt. 26) is hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE