**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DANIELLE D'VONNE SPOSITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-685-ALM-KPJ** |
| | § | |
| **CYNTHIA MCCRANN WHELESS,** *et al.*, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following:

- Plaintiff Danielle D'vonne Sposito's ("Plaintiff") "Emergency Motion to Change Venue" (the "First Motion to Change Venue") (Dkt. 14), "Motion for Expedited Emergency to Change Venue to Dallas County District Court" (the "Second Motion to Change Venue") (Dkt. 23), and "Emergency Motion for Hearing to Decide[] on Venue Change" (the "Motion for Hearing on Change of Venue", and together with the First and Second Motions to Change Venue, "Plaintiff's Motions") (Dkt. 29); and

- Defendants Judge Cynthia McCrann Wheless ("Judge Cynthia Wheless"), Judge Emily Miskel ("Judge Miskel"), and Judge Raymond G. Wheless's ("Judge Raymond Wheless", and together, "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (the "Motion to Dismiss") (Dkt. 16).

For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. 16) be

**GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**. Because the

Court does not have subject-matter jurisdiction, the Court further recommends Plaintiff's Motions

(Dkts. 14, 23, 29) be **DISMISSED WITHOUT PREJUDICE**. Furthermore, even if the Court did

have subject-matter jurisdiction, the Court recommends Plaintiffs' claims be **DISMISSED WITH**

**PREJUDICE**, as Defendants are entitled to judicial immunity.

1

# I.    BACKGROUND

On August 8, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants, wherein she alleged Defendants violated her civil rights. *See* Dkts. 1, 4. On August 15, 2022, Plaintiff filed the Amended Complaint (Dkt. 5), wherein she alleges:

> [Defendants] conspired together to violate my Civil and Fourteenth Amendment Rights by making unfounded derogatory statements, ignoring my rights for procedural due process and made decisions in my case# 417-53396-2018 and 470-53396-2018 based on negative stereotypes and their own personal biases.

> The civil rights laws that were violated are as follows:

> Title 18, U.S.C., Section 241 - Conspiracy Against Rights **THROUGH OPPRESSION**

> Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law . . . .

*Id.* at 1–2. Plaintiff alleges Judge Cynthia Wheless made derogatory comments against Plaintiff "based on very bias[ed] racial/class stereotypes," and her comments were "contrary to a Judge being neutral, fair and unbiased . . . ." *Id.* at 4–5. Plaintiff further alleges Judge Raymond Wheless, the husband of Judge Cynthia Wheless, appointed Judge Miskel following Judge Cynthia Wheless's recusal and improperly refused Plaintiff's request "to appoint someone outside of the District Court like a retired Judge or another administrative Judge . . . ." *Id.* at 5. Plaintiff also alleges Judge Emily Miskel did not hold a hearing on Plaintiff's Temporary Restraining Order ("TRO") and her enforcement request, in violation of her due process rights under the 14th Amendment. *See id.* at 6–7. Plaintiff requests the Court order each Defendant pay $50,000, order each Defendant provide a written apology, order a change of venue to the Dallas County District Court, and appoint the judge to preside over her case, #470-55396-2018. *See id.* at 8. Plaintiff further states that monetary "damages are $65,000 actual and punitive of $85,000." *Id.*

In support, Plaintiff includes several attachments: *In the Interest of Alessandra G. Gibson and Santino R. Gibson, Children*, No. 417-53396-2018, Writ of Habeas Corpus Hearing before Judge Cynthia Wheless, *see* Dkt. 5-1; *In the Interest of Alessandra G. Gibson and Santino R. Gibson, Children*, No. 417-53396-2018, Order of Recusal, *see* Dkt. 5-2; a screenshot of Michael D. Curran's Facebook friends, *see* Dkt. 5-3; Texas Department of Family and Protective Services Notice of Findings of CPS Investigation Case # 47466007, *see* Dkt. 5-4; *In the Interest of A.G.G. and S.R.G. Children*, No. 470-53396-2018, "Sposito AFFIDAVIT IN SUPPORT" and CPS Investigation Report, *see* Dkt. 5-5; an email chain between Plaintiff to Judge Raymond Wheless's chambers dated August between May 4, 2022 and August 9, 2022, *see* Dkt. 5-6; an email from Daniel Sullivan to Plaintiff dated December 13, 2021, *see* Dkt. 5-7 at 1; an email from Shayna Sanborn to Plaintiff dated April 13, 2021, *see id.* at 2–3; Survey of Recent Mandamus Decisions of the Texas Supreme Court, SMU Annual Texas Survey, *see* Dkt. 5-8; a WFAA news article dated July 27, 2022, titled "As recused cases from Dallas judge pile up, what's next? Attorneys warn of 'catastrophic' impact", *see* Dkt. 5-9 at 1–3; a screenshot of Judge Raymond Wheless's Facebook friends, *see* Dkt. 5-9 at 4–5; Letters of Counseling Attendance from Tameca Minter, M.Ed., to the Honorable Lindsey Wynne and Court Clerk dated March 9, 2020, *see* Dkt. 5-10; and criminal case history and incident report as to Joshua Bryan Gibson, *see* Dkts. 5-11, 5-12.

On August 15, 2022, Plaintiff filed the Motion to Expedite (Dkt. 8), wherein Plaintiff requested the Court "expedite any hearings or anything in regards to case #4:22-cv-685." *Id.* at 2. On August 16, 2022, the Court denied the Motion to Expedite (Dkt. 8), as the case was still in its procedural infancy with summons only having been issued on August 16, 2022, and no Defendant having yet entered an appearance. *See* Dkt. 13. On September 9, 2022, Plaintiff filed the First Motion to Change Venue (Dkt. 14), requesting the Court have her state court proceedings "moved

to the Dallas County District Court allowing the Dallas Clerk to select a Judge who will hear the case based on evidence and not politics." *Id.* at 2. In support of the First Motion to Change Venue (Dkt. 13), Plaintiff filed a motion titled "Supplemental Evidence" (Dkt. 15), which includes several attachments. *See generally* Dkt. 15.

On September 9, 2022, Defendants filed the Motion to Dismiss (Dkt. 16). Defendants argue Plaintiff's lawsuit is frivolous because Plaintiff does not have standing to bring this lawsuit, Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment, Plaintiff's claims are barred by judicial immunity, Plaintiff's claims are barred by the *Younger* abstention doctrine, and Plaintiff fails to state a claim. *See generally id.* On September 9, 2022, Plaintiff filed a response (Dkt. 17) styled as an "Affidavit", requesting "that [the Court] do[es] not dismiss this case" and Plaintiff be given "the opportunity to speak with you and or the Magistrate [Judge] in the court of law." *Id.* at 2. Plaintiff further asserts, "I am not asking this court to overturn a decision because I know you can't but I do know you can make pre-trial decisions and I am asking you to help my grandchildren . . . ." *Id.* On September 14, 2022, Defendants filed a reply (Dkt. 18), arguing the Motion to Dismiss (Dkt. 16) is unopposed because "Plaintiff does not address any of the legal positions of the Judicial Defendants in any way and does not present any countervailing legal authority on any of the subjects." Dkt. 18 at 2. Plaintiff filed the "Motion Opposing Defendants Motion to Dismiss" (Dkt. 22), which appears to be a sur-reply,[1] and asserts arguments that the Court can grant a change of venue request, the Eleventh Amendment does not apply to Defendants, this case is not frivolous, Plaintiff has standing to bring these claims, as she has been personally injured by Defendants' actions, Defendants are not entitled to judicial immunity, and she is not requesting the Court overturn  state court decisions. *See id.* at 2–3.

---

[1] Plaintiff's legal and factual arguments appear largely in her sur-reply (Dkt. 22) rather than her response (Dkt. 17).

On September 26, 2022, Plaintiff filed the Second Motion to Change Venue (Dkt. 23), requesting the Court change the venue of the state court proceedings from Collin County to Dallas County District Court and representing that Judge Cynthia Wheless has improperly given custody of Plaintiff's grandchildren to Joshua Gibson. *See generally id.* On October 5, 2022, Defendants filed a response (Dkt. 25), wherein Defendants argue the Court lacks subject-matter jurisdiction and Plaintiff's claims are barred by the *Younger* abstention doctrine. *See id.* at 2. Plaintiff filed a reply (Dkt. 27), wherein she argues there is an applicable exception to the *Younger* abstention doctrine because there is a "lack of an adequate state forum." *Id.* at 1 (citing *Gibson v. Berryhill*, 411 U.S. 564 (1973)).

On October 4, 2022, the Court ordered that all discovery, Rule 26, and scheduling requirements be stayed pending resolution of the Motion to Dismiss (Dkt. 16). *See* Dkt. 24. On October 6, 2022, Plaintiff filed a Motion for Reconsideration (Dkt. 26), requesting the Court reconsider the October 4, 2022 Order to Stay Discovery (Dkt. 24). *See* Dkt. 26. On October 19, 2022, Defendants filed a response (Dkt. 28) in opposition to the Motion for Reconsideration (Dkt. 26). *See* Dkt. 28. On October 24, 2022, the Court denied the Motion for Reconsideration (Dkt. 26). *See* Dkt. 30. On October 21, 2022, Plaintiff filed the Motion for Hearing on Change of Venue (Dkt. 29), wherein Plaintiff requests an emergency hearing on her change of venue in the state court proceedings and asserts "[i]t is clear race and class played the biggest part in the treatment and now it seems the same is happening in the Federal court system." *Id.* at 1. Plaintiff further represents that she "would like a hearing to present information and not have my request be decided on possible ex-parte communication that [she is] obviously not a part of." *Id.* at 1–2.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(1) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 409 (5th Cir. 2016) (per curiam) (citing *Ramming*, 281 F.3d at 161). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behav. Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). Thus, "[w]here a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B.  Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Additionally, when the plaintiff is proceeding *in forma pauperis*, courts must dismiss the case if, at any time, it is determined the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam) ("The district court may dismiss an in forma pauperis proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))). In reviewing a plaintiff's complaint under Section 1915, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)).

# III.    ANALYSIS

## A. Eleventh Amendment Immunity

The Supreme Court has "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (citations omitted). "Eleventh Amendment immunity extends to suits brought against a state by its own citizens as well as by citizens of another state or foreign country." *Yowman v. Jefferson Cnty. Cmty. Supervision & Corrs. Dep't,* 370 F. Supp. 2d 568, 582 (E.D. Tex. 2005) (collecting cases). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos County*, 88 F.3d 341, 342 (5th Cir. 1996) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Because Eleventh Amendment immunity "deprives the court of jurisdiction, . . . the barred claims 'can be dismissed only under Rule 12(b)(1) and not with prejudice.'" *Chalmers v. Marks*, No. Civ.A.3:03cv468, 2003 WL 21468509, at *2 (N.D. Tex. June 19, 2003) (quoting *Warnock*, 88 F.3d at 343); *Armstrong v. Cumberland Acad.*, 549 F. Supp. 3d 543, 549 (E.D. Tex. 2021) (quoting *Warnock*, 88 F.3d at 343) (same).

Defendants assert that as the Presiding Judges of the 417th and 470th District Courts of Collin County, Texas, respectively, Judges Cynthia Wheless and Miskel are state officials, and that similarly, as the Presiding Judge of the First Administrative Judicial Region of Texas, Judge Raymond Wheless is also a state official. *See* Dkt. 16 at 5–6 (citing GOV'T CODE §§ 24.561,

24.643, and 74.042(b)). Defendants assert they are therefore entitled to Eleventh Amendment Immunity. *See id.* at 6 (citing *Fox v. Mississippi*, 551 F. App'x. 772, 774–75 (5th Cir.2014) (per curiam)). In response, Plaintiff asserts the Eleventh Amendment is not a basis to dismiss this suit because the "Eleventh Amendment clearly states: [t]he amendment specifically **prohibits federal courts from hearing cases in which a state is sued by an individual from another state or another country**. I am not from another state but the state of Texas . . . ." Dkt. 22 at 2.

Defendants are entitled to Eleventh Amendment immunity for claims brought against them in their official capacity. The Fifth Circuit "has held that for purposes of sovereign immunity, county district-court judges are 'undeniably elected state officials.'" *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Clark v. Tarrant County*, 798 F.2d 736, 744 (5th Cir. 1986)); *accord Gallagher v. Paxton*, No. 4:18-CV-575, 2019 WL 5390173, at *5 (E.D. Tex. May 15, 2019), *R. & R. adopted*, 2019 WL 4267438 (E.D. Tex. Sept. 10, 2019) ("As such, Texas judges, as state actors, are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." (citing *Davis v. Tarrant County*, 565 F.3d 214, 222 (5th Cir. 2009))). Furthermore, "[i]n addition to protecting states from suits brought by citizens of other states, it is well-established that the Eleventh Amendment bars a federal court from 'entertain[ing] a suit brought by a citizen against his own state.'" *Bernofsky v. Rd. Home Corp.*, 741 F. Supp. 2d 773, 778–79 (W.D. La. 2010) (quoting *Pennhurst*, 465 U.S. at 98  (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890))). Thus, the Eleventh Amendment applies to Plaintiff's claims, as she is a Texas citizen bringing suit against Texas state officials.

Accordingly, Plaintiff's claims against Defendants in their official capacity are barred by Eleventh Amendment immunity and should be dismissed without prejudice for lack of subject matter jurisdiction.

### B. *Younger* Abstention

While Plaintiff's official capacity claims for damages against Defendants are barred by Eleventh Amendment immunity, the Supreme Court has created an exception for suits requesting injunctive or declaratory relief against individual state officials. *See Thomas v. Texas*, 294 F. Supp. 3d 576, 592 (N.D. Tex. 2018), *R. & R. adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)). However, "[u]nder the *Younger* abstention doctrine, 'federal courts must[ ]refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted.'" *Id.* (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (citing cases)) (brackets in original). The *Younger* abstention doctrine does not apply to claims for monetary relief, but rather applies to claims for declaratory and equitable relief. *See Saloom v. Tex. Dept. of Family and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (per curiam) (quoting *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)); *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009) (per curiam) (citing *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003)). "In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).

Defendants assert Plaintiff's claims are barred by the *Younger* doctrine and all three prerequisites are satisfied. *See* Dkt. 16 at 7–9. Plaintiff does not appear to address the *Younger* doctrine in her response or sur-reply. *See* Dkts. 17, 22.

The *Younger* doctrine prerequisites are met as to Plaintiff's claims. First, Plaintiff has made clear there are ongoing state judicial proceedings regarding the custody of her grandchildren and is requesting the Court change the venue of these proceedings. *See* Dkts. 1, 5, 14, 23, 29; *see also Wightman–Cervantes v. Texas*, No. 3:03-CV-3025-D, 2005 WL 770598, at *3 (N.D. Tex. Apr. 6, 2005) ("To determine if a 'dispute involves an 'ongoing state judicial proceeding,' the point of reference is the date suit was filed.'" (quoting *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984))). Second, the underlying state court proceedings concern child custody, and federal courts have repeatedly found that the state has an important interest in regulating this subject matter. *See Thomas*, 294 F. Supp. 3d at 594; *Tannehill v. Tannehill*, No. 1:18-CV-00242, 2019 WL 847946, at *8 (W.D. La. Jan. 23, 2019), *R. & R. adopted*, 2019 WL 847445 (W.D. La. Feb. 21, 2019) (collecting cases); *Moore v. Sims*, 442 U.S. 415, 434 (1979). Finally, Plaintiff has failed to show that she has no opportunity to raise constitutional challenges in the state court proceedings. *See Shipula v. Tex. Dep't of Fam. Protective Servs.*, No. CIV.A. H-10-3688, 2011 WL 1882521, at *9 (S.D. Tex. May 17, 2011) (citing *DeSpain*, 731 F.2d at 1178). To the extent Plaintiff alleges she has been treated unfairly in state court proceedings, "she has an adequate remedy at law because she may raise her constitutional concerns on direct appeal." *Thomas*, 294 F. Supp. 3d at 594–95 (citing *Childress v. Watkins*, No. 5:14-CV-748, 2014 WL 4274311, at *3 (W.D. Tex. Aug. 28, 2014)). Accordingly, all three *Younger* prerequisites are met and Defendants are entitled to dismissal of the lawsuit pursuant to Rule 12(b)(1).

However, mindful that Plaintiff is proceeding *pro se*, the Court considers whether any of the exceptions to the *Younger* doctrine are applicable. The Court "can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Bice*, 677 F.3d at 716 (quoting *Earle*, 388 F.3d at 519). The *Younger* doctrine does not apply when the following exceptions are met:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) where 'other extraordinary circumstances' threaten 'irreparable loss [that] is both great and immediate.'

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)). Plaintiff does not suggest the state-court proceeding was brought in bad faith or to harass her, or that she is challenging a state statute. By asserting that "[t]here is imminent damage to [Plaintiff's grandchildren] because they were released to their mother knowing that she had broken multiple orders previously causing her children both physical and mental harm," it appears Plaintiff may be arguing there are extraordinary circumstances that threaten irreparable loss. Dkt. 22 at 3. However, Plaintiff's assertions are not sufficient to satisfy the extraordinary circumstance exception to the *Younger* doctrine. *See Moore*, 442 U.S. at 434 ("Unless we were to hold that every attachment issued to protect a child creates great, immediate, and irreparable harm warranting federal-court intervention, we are hard pressed to conclude that with the state proceedings in this posture federal intervention was warranted."); *see also Thomas v. Texas*, No. 3:17-CV-0348, 2018 WL 2773374, at *2 (N.D. Tex. May 7, 2018), *R. & R. adopted*, 2018 WL 2762415 (N.D. Tex. June 8, 2018) (finding *Younger* abstention doctrine was applicable to a plaintiff's request to transfer custody proceedings to a different county due to judicial officer's alleged bias and "her

ex-husband's alleged drug use would endanger the children"). As such, none of the exceptions are applicable and the Court must abstain from asserting jurisdiction pursuant to the *Younger* doctrine.

Accordingly, Plaintiff's requests for injunctive and declaratory relief should be dismissed without prejudice pursuant to the *Younger* doctrine.

### C. Standing to Enforce 18 U.S.C. §§ 241 and 242

Plaintiff asserts Defendants violated 18 U.S.C. Sections 241, 242. Defendants assert Plaintiff may not assert claims based on federal criminal statutes and, thus, she does not have standing to bring these claims. *See* Dkt. 16 at 5 (citing *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam)). Plaintiff asserts she has standing to file this lawsuit because "[she has] suffered not only severe monetary damage because of the civil rights violations of the defendants, but [she has] suffered a tremendous amount of stress, anxiety and immense sadness for what the defendants have put [her] grandchildren and [her] through." Dkt. 22 at 3.

Defendants are correct. The Fifth Circuit has held that 18 U.S.C. Sections 241 and 242 do not provide a basis for civil liability. *See Gill*, 153 F. App'x at 262 ("Contrary to [the plaintiff's] contention, 18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993))). Furthermore, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id.* at 262–63 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Cintas Corp.*, No. 3-07-cv-561, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *R. & R. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007) (collecting cases) ("[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of

action."). Thus, to the extent Plaintiff is asserting claims against Defendants for violations of 18 U.S.C. Sections 241 and 242, Plaintiff has no standing.

Accordingly, such claims must be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

### D.  Judicial Immunity

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)). When assessing  entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Judicial immunity "can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard*, 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11–12). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

Defendants further assert they are entitled to judicial immunity and that Plaintiff's allegations relate solely to state court hearings and orders issued by Defendants.[2] *See* Dkt. 16 at 7. Plaintiff argues Defendants "have abused the law in regards to judicial immunity and the case law they have presented does not include anything regarding the disregard they showed for the

---

[2] Defendants assert there is no justiciable controversy, as Defendants were acting in their adjudicatory capacity. *See* Dkt. 16 at 4 (citing *Bauer*, 341 F.3d at 369). Defendants further assert Plaintiff's claims should be dismissed with prejudice for failure to state a claim. *See* Dkt. 16 at 9–10. As the Court finds it does not possess jurisdiction and, in the alternative, Plaintiff's claims are barred by judicial immunity, it does not reach the issue of whether Plaintiff has standing against Defendants in their adjudicatory capacity or whether Plaintiff has failed to state a claim.

protection of the children involved in the suit." Dkt. 22 at 3. Plaintiff further asserts that Defendants "should not be accorded absolute judicial immunity because their acts were not 'judicial acts.'" *Id.*

Plaintiff's allegations are clearly related to actions taken by Defendants in their judicial capacity, as she complains of Defendants' orders and decisions in her state court custody proceedings. The Fifth Circuit has repeatedly held that "judges are entitled to absolute immunity for all actions taken in their judicial capacity, *even when allegedly rooted in malice and corruption* . . . ." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) (per curiam) (citing *Ballard*, 413 F.3d at 515) (emphasis in original); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously." (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972); *Stump*, 435 U.S. at 359)); *Brown v. Anderson*, No. 3:16-CV-0620, 2016 WL 6903730, at *3 (N.D. Tex. Oct. 5, 2016), *R. & R. adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) ("Plaintiff's lawsuit against the justices . . . cannot succeed and it must be dismissed on the basis of absolute immunity.") (citation omitted); *Crissup v. Greenwell*, No. 2:13-cv-137, 2013 WL 12090341, at *2 (S.D. Tex. July 8, 2013), *R. & R. adopted*, 2013 WL 12090342 (S.D. Tex. Aug. 7, 2013), *aff'd*, 568 F. App'x 309 (5th Cir. 2014) (citations omitted).

Furthermore, Plaintiff does not allege, nor can she plausibly allege, that Defendants acted outside of their jurisdiction in issuing judicial orders related to the child custody proceedings or that the actions were not taken in a judicial capacity. Thus, Plaintiff's claims against Defendants, to the extent she is asserting claims against Defendants in both their official and individual capacities, are barred by judicial immunity. *See Bailey v. Willis*, No. 417CV00276, 2018 WL 3321461, at *10 (E.D. Tex. Jan. 11, 2018), *R. & R. adopted*, 2018 WL 2126476 (E.D. Tex. May

8, 2018) ("Here, each of Judge Wheless, the Court of Appeals Justices, and the Court of Criminal Appeals Justices' acts alleged . . . constitute a normal judicial function centered on a case pending before their respective courts. Each of the respective acts—instructing the jury, issuing orders and/or deciding whether to grant a hearing on certain matters—constitute judicial acts that occurred incident to cases pending before Defendants.") (collecting cases).

Accordingly, even if the Court had subject-matter jurisdiction, Plaintiff's claims against Defendants are barred by judicial immunity and should be dismissed with prejudice.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 16) be **GRANTED**; and Plaintiff's claims against Defendants be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the Court does not have subject-matter jurisdiction, the Court further recommends Plaintiff's Motions to Change Venue (Dkts. 14, 23, 29) be **DISMISSED WITHOUT PREJUDICE**. Furthermore, even if there was subject-matter jurisdiction, the Court recommends Plaintiffs' claims be **DISMISSED WITH PREJUDICE**, as Defendants are entitled to judicial immunity.

**So ORDERED and SIGNED this 1st day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE